UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

GEORGE CORNELL SCOTT,

    Petitioner,

v.

J.C. ZUERCHER,

    Respondent.

Civil Action No. 09-101-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

George Cornell Scott is incarcerated at the United States Penitentiary-Big Sandy in Inez, Kentucky. Scott has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the $5 filing fee. [R. 4]

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

On June 23, 2005, Scott was indicted by a federal grand jury sitting in the Western District of Pennsylvania of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At the time of his indictment, Scott was incarcerated in the Alleghany County Jail in Pittsburgh,

Pennsylvania awaiting disposition of state charges. Scott was arraigned in federal court on August 22, 2005. Pursuant to a written plea agreement, Scott entered a guilty plea on November 11, 2005, and on February 23, 2006, was sentenced to a 46-month term of incarceration to be followed by a 3-year term of supervised release. *United States v. Scott*, 05-CR-181, Western District of Pennsylvania [R. 1, 2, 8, 12 therein]

In his August 4, 2009, petition, Scott contends that he is entitled to "credit towards his federal sentence for time which he spent incarcerated prior to imposition of sentence," commencing on June 23, 2005. Neither his petition nor the administrative grievances he filed articulate a legal basis for this assertion. In the warden's response to the Form BP-229 he filed regarding this issue, the warden states:

> A review of this matter reveals staff at the Designation & Sentence Computation Center investigated your situation and have determined your sentence computation is in compliance with your Judgment and Commitment Order, and is correct. The records reflect you were arrested on June 24, 2004, and subsequently convicted by the state and sentenced to 24 - 48 months. According to the Allegheny County Jail, you completed your sentence on July 23, 2008. Your federal sentence commenced on July 23, 2008, when your state sentence ended (according to Alleghany County Jail). The Federal Court was silent regarding your state sentence; therefore, your federal sentence is consecutive to your state sentence. A review of your current sentence calculation reveals that it is without discrepancy and has been calculated correctly in accordance with Program Statement 5880.28, Sentence Computation Manual CCCA.

As the Court noted in its August 10, 2009, Order, the documents Scott attached to the petition indicated that he had filed his Form BP-231 appeal to the BOP's Central Officer on August 3, 2009, one day before he mailed his petition in this matter. Scott has filed an amended habeas petition as required by the Court's Order, but has not filed any documents into the record which establish that he exhausted his administrative remedies prior to filing his petition in this matter.

As previously noted, federal prisoners must exhaust their administrative remedies before seeking habeas relief. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689 (E.D. Ky. 2004). The petition will be denied without prejudice for failure to demonstrate exhaustion of administrative remedies as required by this Court's prior order. Nor is there any basis to excuse this requirement where the petition fails to set forth even a colorable claim for relief. A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served," 18 U.S.C. § 3585(a), which the BOP's DSCC indicates occurred on July 23, 2008. Scott is, of course, entitled to prior custody credit pursuant to 18 U.S.C. § 3585(b), but he appears to indicate that he has received this credit. In light of the foregoing, the petition will be denied without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Scott's petition for a writ of habeas corpus [R. 2] is **DENIED WITHOUT PREJUDICE.**

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

Dated this 8th day of September, 2009.



**Signed By:**

*Karen K. Caldwell*

**United States District Judge**